Filed 2/3/23  In re Lombardo CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re VINCENT LOMBARDO on Habeas Corpus, | C096314 |
| | (Super. Ct. No. NCR41795) |

In 1996, a jury convicted petitioner Vincent Lombardo of second degree murder.[1] The jury found petitioner not guilty of robbery.  In his direct appeal, he argued the jury instructions on second degree felony murder violated the so-called "merger doctrine" set forth in *People v. Ireland* (1969) 70 Cal.2d 522 (*Ireland*).  The People conceded the instructional error, but argued petitioner waived it under the invited error doctrine.  Petitioner conceded the error had been waived, and, accordingly, we held any error was waived.  In this habeas proceeding, petitioner again argues the second degree felony murder instructions violated the merger doctrine.

---

[1] Petitioner requested we take judicial notice of the appellate record in *People v. Lombardo* (May 6, 1998, C024077) [nonpub. opn.].  We now grant that request.

1

A different panel of this court issued an order to show cause why the relief prayed for should not be granted. However, the authority petitioner relies on to justify reasserting a claim previously rejected on direct appeal is only further support for the originally conceded point that the second degree felony murder instruction violated the merger doctrine. Therefore, we deny the writ petition.

## I. BACKGROUND

A.    *Factual Background*

As we described in our original opinion, petitioner and three others joined the victim for a drink under a bridge. A fight broke out between the victim and the others that ended in the victim's death. Petitioner joined in kicking and beating the victim. Evidence was presented that, as the attackers walked away from the victim, one of them said he had cut his hand while stabbing the victim 27 times. Petitioner testified he had not previously known about the use of the knife. A stab wound to the heart caused the victim's death.

B.    *Legal and Procedural Background*

A brief historical overview of second degree felony murder is necessary to contextualize these proceedings.[2]

"[T]he crime of murder, as defined in [Penal Code] section 187, includes, as an element, malice.[3] Section 188 defines malice. It may be either express or implied. It is express 'when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature.' (§ 188.) It is implied 'when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181 (*Chun*).) Implied malice has

---

[2] "[E]ffective January 1, 2019, the second degree felony-murder rule in California [was] eliminated." (*In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2.)

[3] Undesignated statutory references are to the Penal Code.

been interpreted "as having 'both a physical and a mental component. The physical component is satisfied by the performance of "an act, the natural consequences of which are dangerous to life." [Citation.] The mental component is the requirement that the defendant "knows that his conduct endangers the life of another and . . . acts with a conscious disregard for life." ' " (*Ibid*.) The second degree felony-murder rule was "another interpretation of section 188's 'abandoned and malignant heart' language." (*Id.* at p. 1183.) Second degree felony murder was " 'an unlawful killing in the course of the commission of a felony that is inherently dangerous to human life but is not included among the felonies enumerated in section 189.' " (*Id.* at p. 1182.) It " 'act[ed] as a substitute' for conscious-disregard-for-life malice." (*Id.* at p. 1184.)

The jury was instructed on aiding and abetting, first degree felony murder, and various theories of second degree murder. At petitioner's request, the jury was instructed on second degree felony murder that "[t]he unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission or attempted commission of the crimes of Battery with serious bodily injury, a violation of Section 243(d) . . . and Assault by means of force likely to produce great bodily injury, in violation of Section 245(a) . . . is murder of the second degree when the perpetrator had the specific intent to commit such crimes."

In his original appeal, petitioner argued the second degree felony murder instructions eliminated the malice element of murder in violation of the merger doctrine set forth in *Ireland*. In *Ireland, supra*, 70 Cal.2d 522, the defendant shot and killed his wife and the jury was instructed on second degree felony murder based on an underlying felony of assault with a deadly weapon. (*Id.* at pp. 527, 538.) Our Supreme Court limited the applicability of second degree felony murder by holding that "a second degree felony-murder instruction may not properly be given when it is based upon a felony which is an integral part of the homicide and which the evidence produced by the prosecution shows to be an offense included *in fact* within the offense charged." (*Id.* at p.

3

539.) The court explained that "[t]o allow such use of the felony-murder rule would effectively preclude the jury from considering the issue of malice aforethought in all cases wherein homicide has been committed as a result of a felonious assault—a category which includes the great majority of all homicides." (*Ibid.*)

In petitioner's direct appeal, the People conceded the second degree felony murder instructions were improper under *Ireland*, but argued petitioner waived the error under the invited error doctrine. In reply, petitioner conceded the issue had been waived because counsel had requested the instruction for tactical reasons.[4] We implicitly accepted the concession and explained any error was waived by counsel's request for the instruction.

In December 2021, petitioner filed a petition for writ of habeas corpus in the superior court arguing his conviction must be reversed because jurors were improperly instructed on a theory of second degree felony murder based on an assaultive felony. The superior court found the error harmless and denied the petition.

In May 2022, petitioner filed a petition for writ of habeas corpus in this court, raising the same argument he raised in the superior court. At our request, the People filed an informal response to the petition. Petitioner filed a reply. A different panel of this court issued an order to show cause why the relief prayed for should not be granted. The People filed a return and petitioner filed a traverse.

## II. DISCUSSION

"Because a petition for a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them. 'For purposes of collateral attack, all presumptions favor the truth, accuracy, and fairness of the conviction

---

[4] The tactic was to present the jury with as many alternatives to first degree murder as possible.

4

and sentence; *defendant* thus must undertake the burden of overturning them.' " (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Petitioner alleged his claims "are properly cognizable in this post-affirmance habeas corpus petition, because they are based on an intervening change in substantive California homicide law—the California Supreme Court's opinion in *People v. Chun*." Further, "[b]ecause *Chun* represents a change in substantive California law, narrowing the scope of murder liability, it is fully retroactive, and petitioner's claims are properly cognizable on habeas." For this point, petitioner cited *In re Rayford* (2020) 50 Cal.App.5th 754, which states, in relevant part, "Generally, '[a] writ of habeas corpus will not issue for a claim that was raised and rejected on appeal.' [Citations.] An exception to the rule applies ' "when there has been a change in the law affecting the petitioner." ' [Citations.] 'To trigger this exception, the change in the law must have retroactive effect.' " (*Id.* at p. 770.)

In *Chun*, the jury was instructed on second degree felony murder with shooting at an occupied vehicle under section 246 as the underlying felony. (*Chun, supra*, 45 Cal.4th at p. 1178.) Our Supreme Court held that "[w]hen the underlying felony is assaultive in nature, such as a violation of section 246 or 246.3, . . . the felony merges with the homicide and cannot be the basis of a felony-murder instruction. An 'assaultive' felony is one that involves a threat of immediate violent injury." (*Id.* at p. 1200.)

*Chun* was significant because, previously, and before defendant's original appeal, our Supreme Court had explained that "[s]ubsequent decisions have applied the *Ireland* rule to other felonies involving assault or assault with a deadly weapon. [Citations.] [¶] Our court . . . has not extended the *Ireland* doctrine beyond the context of assault, even under circumstances in which the underlying felony plausibly could be characterized as 'an integral part of' and 'included in fact within' the resulting homicide." (*People v. Hansen* (1994) 9 Cal.4th 300, 312, overruled in *Chun, supra*, 45 Cal.4th at p. 1199.) Notably, petitioner's second degree felony murder conviction was in the context of

5

assault. Therefore, *Chun* was not significant to petitioner's conviction because, as the People conceded on direct appeal, the second degree felony murder instructions violated the merger doctrine before *Chun*.

On direct appeal, this court did not hold the challenged instructions were proper. Rather, it held any error was waived based on defendant's request for the instruction. In doing so, the court applied the invited error doctrine without using its name. "The doctrine of invited error bars a defendant from challenging an instruction given by the trial court when the defendant has made a 'conscious and deliberate tactical choice' to 'request' the instruction."[5] (*People v. Lucero* (2000) 23 Cal.4th 692, 723.)

Petitioner argues invited error should no longer be applied because "the law changed after [his] trial, rendering his lawyer's invited instruction entirely illegal." He concedes "the parties apparently recognized that defense counsel's proposed instruction *might* violate *Ireland*," and argues "invited error cannot operate to prospectively waive any challenge to a jury instruction that may have been questionable but not illegal at the time counsel requested it." Both premises of his argument appear incorrect. First, the doctrine of invited error has been applied prospectively even when there has been a subsequent "sea change" in the law. (*People v. Bell* (2020) 47 Cal.App.5th 153, 193 & fn. 42.) Second, the second degree murder instructions were always illegal. The People conceded their illegality at the time of petitioner's direct appeal. This court did not reject that concession. Neither the record nor any cited authority supports petitioner's assertion that a subsequent change in the law rendered the instruction illegal. Rather, both indicate

---

[5] Counsel's choice need not be the right one: "A claim that the tactical choice was uninformed or otherwise incompetent must, like any such claim, be treated as one of ineffective assistance of counsel." (*People v. Cooper* (1991) 53 Cal.3d 771, 831.) Petitioner has not raised a claim of ineffective assistance.

the instruction was illegal at the time it was given.  Petitioner argues that, at the time of his trial, courts had refused to apply *Ireland* to aiders and abettors.  The only authority he cites to support this argument suggests the opposite as it expressly states no felony murder instruction was given.  (*People v. Luparello* (1986) 187 Cal.App.3d 410, 435.) Petitioner has failed to support his assertion that a change in the law permits his petition.

In his traverse, petitioner argues invited error does not allow courts to give juries instructions that omit crucial elements of the charged offense, nor does it allow counsel to waive a defendant's right to force the prosecution to prove all the elements of murder. Petitioner does not explain why these arguments were not raised in his direct appeal. (See *In re Dixon* (1953) 41 Cal.2d 756, 759 ["[I]n the absence of special circumstances . . . , the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction"].)  He also cites no authority limiting the invited error doctrine in any of the ways he suggests.  Additionally, these new arguments are not based on *Chun* and were not raised in the petition.  " 'When an order to show cause does issue, it is limited to the claims raised in the petition and the factual bases for those claims alleged in the petition.  It directs the respondent to address only those issues.' " (*People v. Duvall, supra*, 9 Cal.4th at p. 475.)  Because petitioner has failed to plead or prove sufficient grounds for relief, we will deny his habeas petition.

## III.  DISPOSITION

The petition for writ of habeas corpus is denied.


/S/

_____
RENNER, J.


We concur:


/S/

_____
DUARTE, Acting P. J.


/S/

_____
BOULWARE EURIE, J.


8